CHARLES D. SWIFT (D.C. ID No. 987353)
    cswift@clcma.org
CHRISTINA JUMP (D.C. ID No. TX151)
    cjump@clcma.org
Constitutional Law Center for Muslims in America (CLCMA)
833 E. Arapaho Rd., Ste. 102
Richardson, TX 75081
Tel: (972) 914-2507; Fax: (972) 692-7454

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE ASHRAF MANIAR**, an individual whose address is 2620 Highridge Dr. Chino Hills, CA, 91709<br><br>*Plaintiff/Petitioner,*<br><br>vs.<br><br>**THE HONORABLE KIRSTJEN M. NIELSEN**, in her official capacity as Acting Secretary of the Department of Homeland Security, whose official address is Washington, D.C. 20528<br><br>*Defendant/Respondent.* | CASE NO.:_____<br><br><br><br>CIVIL ACTION<br><br><br>**PETITION FOR WRIT OF MANDAMUS** |

### PETITION FOR WRIT OF MANDAMUS

Plaintiff, Ashraf Maniar, by and through undersigned counsel, files this Petition for Writ of Mandamus against Defendant, the Honorable Kirstjen M. Nielsen, in her official capacity as Secretary of the Department of Homeland Security (DHS), and shows the following:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction under the authority of 28 U.S.C. § 1361.

2. Venue is appropriate in this Court under 42 U.S.C. §2000e-(5)(f)(3), because it is where Defendant has its principal office.

## II. **STATEMENT OF FACTS**

3. Plaintiff has experienced severe difficulties in airport travel, including the inability to print boarding passes, the inability to board a plane, and being escorted out of the airport, on more than one occasion. These difficulties are consistent with persons on the No Fly List.

4. Plaintiff has also experienced difficulties in ground travel, and was prohibited from traveling to Canada via ground transportation on March 15, 2018.

5. On February 20, 2018, Plaintiff initiated a redress inquiry with the DHS Traveler Redress Inquiry Program ("DHS TRIP") to acquire information as to whether he is on the No Fly List, the reasons for that designation, if any, and a way to appeal any determination. His DHS TRIP reference no. is 2267721.

6. DHS TRIP sent a confirmation that it received Plaintiff's application and all required documents on February 26, 2018.

7. On March 29, 2018, Plaintiff's counsel wrote a letter to DHS TRIP seeking an update to the status of his claim.

8. In the March 29, 2018 letter, Plaintiff's counsel stated the following, in part:

   a. Under DHS regulations, Plaintiff should have received an initial response either in the form of a "Determination of No Security Threat" or an "Initial Determination of Threat Assessment" after his February 2018 inquiry.[1]

   b. Without any stated reasons for DHS's actions, which directly and continually result in great personal harm to Mr. Maniar, Plaintiff and his counsel have no

---

[1] By DHS's own regulations, initial determinations should be made and sent by mail once the DHS TRIP inquiry is received. "Once your inquiry has been received, you will receive a determination letter in the mail." DHS, *After Your Inquiry*, https://www.dhs.gov/step-3-after-your-inquiry (last visited Nov. 27, 2017)

   choice but to deduce that Plaintiff's religion and/or national origin are the true motivators of DHS actions against him, and the Agency's failure to respond in accordance with its own regulations.

  c. DHS TRIP's letter mimics the Agency's old procedures, declared invalid by the courts, where individuals were not informed whether they are on No Fly or Selectee Lists. These procedures have been deemed unconstitutional.[2]

  d. Plaintiff and his counsel request proper adjudication on Plaintiff's behalf, or Plaintiff's counsel would file a mandamus action to obtain proper adjudication.

9. On March 30, 2018, DHS TRIP wrote Plaintiff's counsel in part that Plaintiff's application is still "In Process."

10. On April 27, 2018, Plaintiff's attorneys again wrote DHS TRIP to inquire of the status of Plaintiff's request, to which DHS was delinquent in responding.

11. The April 27, 2018 letter once again stated that DHS TRIP was in violation of its own applicable deadlines to respond and that Plaintiff still lacked a constitutionally adequate way to challenge the infringement of his right to travel freely. It also stated that if Plaintiff's counsel still did not hear from DHS TRIP after a month, counsel would file a Petition for a Writ of Mandamus, as there appeared to be no other option if DHS continued to be unresponsive to Plaintiff's matters.

12. As of this date, DHS has yet to provide an initial determination to Plaintiff's redress inquiry.

---

[2] *See Mohamed v. Holder*, No. 1:11-CV-50 AJT/MSN, 2015 WL 4394958, at *2 (E.D. Va. July 16, 2015) ("Briefly summarized, the Court first concludes that DHS TRIP, as that process existed at the time that Mohamed was denied boarding, did not provide a constitutionally adequate opportunity to challenge his denial of boarding."); *see also Latif v. Holder*, 28 F. Supp. 3d 1134, 1161 (D. Or. 2014) ("The absence of any meaningful procedures to afford Plaintiffs the opportunity to contest their placement on the No-Fly List violates Plaintiffs' rights to procedural due process.").

13. As of this date, over four months have passed after the initial filing of Plaintiff's TRIP request, and DHS TRIP has yet to indicate to Plaintiff (1) whether he is indeed on the No Fly List, and (2) if he is, the reasons supporting that conclusion.

### III.     CLAIMS FOR RELIEF

14. Plaintiff hereby alleges and incorporates all numbers in Section I above, by reference herein.

15. Plaintiff's claim for an initial determination by DHS is clear and certain, and the right to travel is a recognized fundamental right and liberty interest.

16. The Defendant's official duty to act is ministerial, as DHS acts as the liaison between those similarly situated to Plaintiff and government agencies in traveler redress proceedings.

17. No other adequate remedy is available, as the DHS TRIP process is the only process currently available for those similarly situated to Plaintiff to learn about and challenge any designations relating to their inability to travel.

18. While "[t]he remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances",[3] mandamus is properly available if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff."[4]  Plaintiff here satisfies all three criteria, and the request for a writ of mandamus is appropriate.

---

[3] *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).
[4] *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997) (quoting *Council of and for the Blind of Delaware Cty. Valley, Inc. v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc)).

## IV.     PRAYER FOR RELIEF

Plaintiff prays for judgment of liability in favor of the Plaintiff and against the Defendant, and respectfully requests that this Court grant the following relief:

a. Grant this Petition for Writ of Mandamus to compel Defendant to provide an initial determination as to whether or not Plaintiff is on the No Fly List;

b. Compel Defendant to comply with its own stated regulations in responding to Plaintiff's request for redress;

c. Compel Defendant to respond in a timely manner moving forward with Plaintiff's DHS TRIP redress inquiry, in accordance with its own regulations;

d. For attorney's fees and costs including reasonable attorneys' fees and costs as provided by any applicable provision of the law, against Defendant;

e. Any additional relief this Court deems just, proper, and equitable.

Respectfully submitted this 7th day of June, 2018.

/s/ *Charles D. Swift*
Charles D. Swift
Counsel for Plaintiff
D.C. ID No. 987353
Christina A. Jump
D.C. ID No. TX151
833 E. Arapaho Rd., Suite 102
Richardson, TX 75081
Tel: (972) 914-2507
Fax: (972) 692-7454
cswift@clcma.org
cjump@clcma.org